73 F.3d 357
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Marcus A. JOSEPH, Plaintiff-Appellant,
v.
J.P. GILLESPIE; T. Mccants; Laurie Bessinger, Warden;
Mrs. Scott, Case Worker; Mr. Roundtree, Case Worker; Mr.
Drescher, Head of Classification; J.L. Harvey, Regional
Administrator; Michael Moore, Director, individually and in
official capacity, Defendants-Appellees.
 No. 95-7321.
 United States Court of Appeals, Fourth Circuit.
 Submitted: November 28, 1995.
Decided: December 21, 1995.
 
 Marcus A. Joseph, Appellant Pro Se.
 Before HAMILTON and MOTZ, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Marcus A. Joseph appeals from a district court order adopting a magistrate judge's recommendation that Joseph's 42 U.S.C. Sec. 1983 (1988) complaint be dismissed. We affirm.
 
 
 2
 Joseph's claims arise from his criminal conviction for possession of contraband in a state prison and his subsequent administrative segregation. They are all frivolous. Joseph's claim that the additional punishment was disproportionate is without merit. If the claim attacks the criminal punishment for the conviction, it is not yet cognizable, Heck v. Humphrey, --- U.S. ----, ----, 62 U.S.L.W. 4594, 4597 (U.S. June 24, 1994) (No. 93-6188), and it would not stand up to even cursory review for gross proportionality in any event, see United States v. Kratsas, 45 F.3d 63, 67 (4th Cir.1995). Substantively, there would be no violation of the Eighth Amendment if Joseph's claim is that the subsequent administrative segregation, subject to attack at this time, was disproportionate.
 
 
 3
 Joseph's claim that his due process rights were violated by placement in administrative segregation without notice, his presence at a hearing, or appointment of counsel is meritless. Administrative segregation is not an "atypical and significant hardship" relative to the ordinary incidents of prison life that would give rise to a liberty interest protected by any procedure. See Sandin v. Conner, --- U.S. ----, ----, 63 U.S.L.W. 4601, 4604-05 (U.S. June 19, 1995) (No. 93-1911).
 
 
 4
 Finally, even if placement in segregation constituted "punishment" as that term is contemplated in the Double Jeopardy Clause--which is doubtful here because Joseph was not deprived of any liberty interest at all--the segregation and conviction were both allowed by the state legislature in the state code. Thus, there was no double jeopardy violation. Missouri v. Hunter, 459 U.S. 359, 366 (1983).
 
 
 5
 Therefore, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED